**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeffrey A. DiPaolo** | ) | **CASE NO. 1:13 CV 2185** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Princeton Search, LLC** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's motion for a preliminary injunction. This case arises out of plaintiff's employment with defendant. For the reasons that follow, the motion is DENIED.

### Facts

Plaintiff, Jeffrey A. DiPaolo, brought this action in state court against defendant, Princeton Search, LLC ("Princeton Search"), his former employer, alleging age discrimination in his termination. Defendant removed the case to this Court on the basis of diversity jurisdiction. Defendant thereafter filed a counterclaim seeking to enforce plaintiff's employment agreement.

1

Plaintiff was previously employed by Management Recruiters International, Inc. ("MRI"), a personal placement service business. Around June 1, 1992, plaintiff entered into a Manager's Employment Agreement ("Agreement") with MRI.

The Agreement provides:

8.1 Upon termination of Employee's employment, the Employee shall immediately deliver to the Company all of the Company's Proprietary Information. The Employee shall not retain any copies of the Company's Proprietary Information after termination of the Employee's employment without the express written consent of the Company.

8.2 For a period of one year following the effective date of termination of the Employee's employment, the Employee shall not use or disclose to any person the Company's Proprietary Information.

9.1 For a period of one year following the effective date of the termination of Employee's employment, the Employee shall not, in the course of the personnel placement service business, solicit or provide services to any candidate or client with whom the Office had contact during the twelve months immediately preceding the effective date of termination, and shall not assist any other person other than the Company in so doing.

10.1 For a period of one year following the effective date of termination of employee's employment, the Employee shall not:
> 10.1.1 engage in the activities of a manager, account executive or trainer in a personnel placement service business from a location within a fifty mile radius of the Office or within the Metropolitan Statistical Area in which the Office is located;
> 10.1.2 provide any personnel placement services to any person or company who or which is located within a fifty mile radius of the Office or within the Metropolitan Statistical Area in which the Office is located;
> 10.1.3 have any ownership interest in any personnel placement service business which is located within a fifty mile radius of the Office or within the Metropolitan Statistical Area in which the Office is located.

19.1 This Agreement shall be binding upon and inure to the benefit of [MRI] and its successors and assigns, and shall be binding upon and inure to the benefit of the Employee[.]

(Doc. 7-2 p. 4,7).

On September 18, 2002, Princeton Search, a New Jersey limited liability company,

Princeton Search - Cleveland, LLC ("Princeton Cleveland"), an Ohio limited liability company, and David Campeas entered into an Asset Purchase Agreement with MRI. Pursuant to the agreement, all of MRI's employment agreements, including the Agreement were assigned to Princeton Cleveland. (Doc. 7-3).

Plaintiff worked for Princeton Search from September 2002 until his employment was terminated on May 9, 2013. Before plaintiff was fired, he copied the entire contents of his hard drive on his work computer onto a flash drive which he took home. In July 2012, plaintiff became employed by Superior Search Group, a direct competitor of defendant, in the same region as his former position with defendant.

This matter is before the Court upon defendant's motion for a preliminary injunction to enforce the Agreement. Plaintiff opposes the motion.

**Standard of Review**

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. "When considering a motion for a preliminary injunction, the district court should consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998); *see also Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999).

These four considerations are factors to be balanced, not prerequisites that must be met. *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). Not all of the factors need

be fully established for a temporary restraining order or injunction to be proper. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). However, a district court must make specific findings concerning each of these factors, unless fewer factors are dispositive of the issue. *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). And, while none of the factors are given controlling weight, a preliminary injunction shall not issue where there is no likelihood of success on the merits. *Michigan State AFL-CIO*, 103 F.3d at 1249. Under the substantive law of Ohio, a preliminary injunction precluding competitive activity may only be issued when the right thereto is established by clear and convincing evidence. *Imperial Home Decor Grp. (US) LLSC v. Murray*, 75 F. Supp. 2d 753, 755 (N.D. Ohio 1999) (citing *Ohio Urology, Inc. v. Poll,* 72 Ohio App.3d 446, 594 N.E.2d 1027 (1991)).

### Discussion

#### A. Subject Matter Jurisdiction

Plaintiff disputes that the Court has jurisdiction to hear this motion for preliminary injunction. Plaintiff argues that the basis of removal of this case from state court to federal court was diversity jurisdiction. Plaintiff contends that defendant is seeking to enforce a restrictive covenant belonging to an Ohio LLC, Princeton Cleveland, which would destroy the Court's diversity jurisdiction.

Plaintiff is mistaken. This is an argument on the merits of the case, not one regarding the identity of the parties that would defeat diversity jurisdiction. It is undisputed that plaintiff is a citizen of Ohio and defendant Princeton Search is a citizen of New Jersey. Aside from the preliminary injunction, defendant has asked for damages "in excess of $150,000." (Doc. 5 p. 13).

There is, therefore, an independent basis for subject matter jurisdiction over this permissive counterclaim. *See* 28 U.S.C. § 1332.

### B. Preliminary Injunction

Plaintiff argues that defendant cannot enforce the Agreement since he signed his non-compete with MRI. MRI then assigned the Agreement to Princeton Cleveland, not to defendant Princeton Search. Therefore, plaintiff argues that he does not have a non-compete agreement with defendant.

Defendant responds that plaintiff was its employee from 2002 until plaintiff's termination in 2013.  Defendant notes that the Agreement plaintiff signed with MRI was binding on all successors and assigns. Defendant contends that the Agreement was assigned to it in September 2002 and it thus has the right to enforce the Agreement.[1]

Defendant has failed to establish by clear and convincing evidence that it is entitled to enforce the non-compete. The evidence before the Court shows that the Agreement was assigned from MRI to Princeton Cleveland in September 2002, not to defendant Princeton Search. While the two entities appear closely related, without more the Court cannot say that Princeton Search has a right to enforce the Agreement assigned to Princeton Cleveland or that it is a successor of MRI.[2] *Accord Eastman Kodak Co. v. Sun Microsystems, Inc.,* 02-CV-6074T, 2004 WL 2026456

---

[1] In an affidavit, defendant's Chief Operating Officer notes in passing that Princeton Cleveland was a holding company. (Doc. 13-1 p. 1). He fails to indicate of what Princeton Cleveland is a holding company. Assuming he means Princeton Search, defendant fails to explain how assigning a contract to a holding company means that the company it holds can enforce it.

[2] Although defendant notes in its brief that MRI was its corporate predecessor, no evidence is provided.

(W.D.N.Y. Sept. 10, 2004) (finding that although holding company and Kodak were closely related, only holding company owned patents that had been transferred to it, but finding that Kodak had standing to maintain suit because holding company was dissolved and assets passed to sole member, Kodak, when it dissolved while still in possession of patents).

Because the Court lacks clear and convincing evidence that defendant can enforce the Agreement, the Court cannot say at this time that defendant has a strong likelihood of success on the merits. As a result, the Court declines to issue a preliminary injunction.[3]

**Conclusion**

For the foregoing reasons, defendant's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　/s/ Patricia A. Gaughan
　　　　　　　　　　　　　　　　　　PATRICIA A. GAUGHAN
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: 12/18/13

---

[3] Having resolved the motion on this ground, the Court need not consider the other three factors. *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).