**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeffrey A. DiPaolo** | ) | **CASE NO. 1:13 CV 2185** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Princeton Search, LLC** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court on Plaintiff's Motion to Dismiss Counterclaim for breach of contract (Doc. 15). This case arises out of plaintiff's employment with defendant. For the reasons that follow, the motion is GRANTED.

**Facts**

Plaintiff, Jeffrey A. DiPaolo, brought this action in state court against defendant, Princeton Search, LLC ("Princeton Search"), his former employer, alleging age discrimination in his termination. Defendant removed the case to this Court on the basis of diversity jurisdiction. Defendant thereafter filed a counterclaim against plaintiff. Count 1 of

1

the counterclaim alleges a claim for breach of contract against plaintiff for violating his employment agreement.  Count 2 alleges a claim for misappropriation of property and trade secrets.

Plaintiff was previously employed by Management Recruiters International, Inc. ("MRI"), a personal placement service business.  Around June 1, 1992, plaintiff entered into a Manager's Employment Agreement ("Agreement") with MRI.  On September 18, 2002, Princeton Search, a New Jersey limited liability company, Princeton Search - Cleveland, LLC ("Princeton Cleveland"), an Ohio limited liability company, and David Campeas entered into an Asset Purchase Agreement with MRI.  Pursuant to the Asset Purchase Agreement, all of MRI's employment agreements, including the Agreement, were assigned to Princeton Cleveland on September 30, 2002. (Doc. 7-3).

Defendant filed a preliminary injunction seeking to enforce the Agreement.  The assignment document (the "Assignment") indicated that the Agreement had been assigned by MRI to Princeton Cleveland and not to defendant Princeton Search.  The Court, therefore, denied defendant's motion for a preliminary injunction on the grounds that defendant failed to establish by clear and convincing evidence that it was entitled to enforce plaintiff's non-compete agreement.

This matter is before the Court on plaintiff's motion to dismiss the breach of contract counterclaim.  Defendant opposes the motion.

**Standard of Review**

When considering a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true

and construed liberally in favor of plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687 (6th Cir. 1999).  The complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hammond v. Baldwin*, 866 F.2d 172 (6th Cir. 1989).

In ruling on a Rule 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).  However, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Williams v. CitiMortgage, Inc.*, 498 Fed. Appx. 532, 536 (6th Cir. 2012) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998)).

### Discussion

Plaintiff argues that the counterclaim must be dismissed because Princeton Search lacks standing to enforce the Agreement assigned to Princeton Cleveland.  Plaintiff argues that the Assignment, which was attached to defendant's pleading, establishes that the Agreement was assigned by MRI to Princeton Cleveland and not to defendant, as defendant alleged in its counterclaim.  Because the terms of the Assignment contradict the pleadings, plaintiff argues that defendant has failed to state a claim under which it is entitled to relief.

Defendant responds that it has stated a plausible claim against plaintiff and therefore the motion to dismiss should be denied.

Upon review, the Court finds that defendant's counterclaim for breach of contract must be dismissed.

Sitting in diversity, the substantive law of Ohio applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Standing is a jurisdictional requirement that a party have a real interest in the subject matter of the action. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 979 N.E.2d 1214, 1219, 2012–Ohio–5017, ¶ 21–22. In Ohio, "an action for a breach of contract can only be maintained by the parties to the contract or those deriving rights from the contracting parties." *American Rock Mechanics, Inc. v. Thermex Energy Corp.*, 80 Ohio App.3d 53, 58, 608 N.E.2d 830 (1992) (citing *United States Fidelity & Guaranty Co. v. Truck & Concrete Equipment Co.*, 21 Ohio St.2d 244, 250, 257 N.E.2d 380 (Ohio 1970)).

Defendant is correct that the Court's inquiry on a motion to dismiss is whether or not a plausible claim has been stated in the pleadings. However, defendant cannot survive a motion to dismiss because the Assignment it attached plainly contradicts its pleadings and so it does not state a plausible claim. *Creelgroup, Inc. v. NGS American, Inc.*, 518 Fed. Appx. 343, 347 (6th Cir. 2013) (quoting *Williams v. CitiMortgage, Inc.*, 498 Fed. Appx. 532 (6th Cir. 2012)) ("[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

Defendant's counterclaim alleged: "On September 30, 2002, DiPaolo's Employment Agreement was formally assigned to Princeton Search by means of an Assignment of Employment Agreements." (Doc. 6 p. 5-6). However, the Assignment attached to the

4

counterclaim clearly indicates that the Agreement was assigned to Princeton Cleveland. (Doc. 5-2). The Assignment states:

> This Assignment dated September 30, 2002 (this "Agreement"), is entered into by Management Recruiters International, Inc., a Delaware corporation ("Seller"), in favor of **PRINCETON SEARCH - CLEVELAND LLC, an Ohio limited liability company ("Buyer")**.
> WHEREAS, Seller, and DAVID CAMPEAS, PRINCETON SEARCH, LLC and Buyer have entered into an Asset Purchase Agreement dated September 18, 2002 (the "Purchase Agreement") pursuant to which Seller has agreed to assign to Buyer all of the Employment Agreements and Confidentiality Agreement between Seller and its Employees, and Buyer has agreed to accept such assignment and perform the obligations of the employer thereunder arising after the Closing Date.
> . . .
> 1. **Seller hereby assigns to Buyer and Buyer hereby accepts the assignment of the Employment Agreement of the Employees of the Seller as of the Closing Date.**
> . . .

(Doc. 5-2) (emphasis added).

In its opposition to the motion to dismiss, defendant presents part of the Asset Purchase Agreement, seeking to clarify the meaning of "Buyer" in the Assignment to demonstrate that it encompassed defendant. This document was not attached to defendant's counterclaim, nor was it referenced in the counterclaim. As such, the Court will not consider it.[1]

The terms of the Assignment contradict the terms of defendant's counterclaim. Thus, defendant's counterclaim for breach of contract fails to state a claim for relief because it has not plead sufficient facts to show that it was entitled to enforce the Agreement. *See Beard v. New York Live Ins. & Annuity Corp.*, No. 12AP–977, 2013 Ohio 3700 (10th Ohio App. 2013)

---

[1] Rule 12(b)(6) states that if "maters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, ...." The Court declines to consider defendant's attachments. *See Bank One, Columbus, Ohio N.A. v. Financial Ventures, LLC*, No. C2–01–0049, 2002 WL 484307 at n.4 (S.D. Ohio March 26, 2002).

(dismissing a claim for lack of standing on a 12(b)(6) motion where plaintiff was not named in contract he attached to his pleading). *See also Creelgroup*, 518 Fed. Appx at 346 (concluding that plaintiff failed to state a claim for breach of contract under Michigan law when it could not establish it was a party to the contract).

### Conclusion

For the foregoing reasons, the Court GRANTS plaintiff's motion to dismiss the breach of contract counterclaim.  Defendant's counterclaim for misappropriation of property and trade secrets remains pending.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 2/6/14